George LEGNOS et al.,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 75–2494
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 26, 1976.

Rehearing and Rehearing En Banc
Denied Sept. 21, 1976.

---

**4.** See Memorandum Opinion and Judgment of August 5, 1975 (reproduced at 15A of the appendix).

**5.** Rule 55(b)(2) provides, *inter alia,*
 "[i]f the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

6 Moore's Federal Practice (Rev. Ed.) ¶ 55.07, at page 55–96, contains this language:

"Although a defendant has defaulted, if he has appeared in the action he is entitled to at least 3 days' notice of the hearing on the application for default judgment; and a defaulting defendant is entitled to be heard at the hearing on the amount of damages."
 Moore states in ¶ 55.09 at page 55–201:
 "On appeal from a default judgment, the judgment will be reversed if not authorized by Rule 55, . . .."

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Edward F. Gerace, Tampa, Fla., James A. Dixon, Jr., Miami, Fla., for plaintiffs-appellants.

John L. Briggs, U. S. Atty., Jacksonville, Fla., William Kanter, Dept. of Justice, Rex E. Lee, Asst. Atty. Gen., Civ. Div., Washington, D. C., for defendant-appellee.

Appeal from the United States District Court for the Middle District of Florida.

Before AINSWORTH, CLARK and RONEY, Circuit Judges:

PER CURIAM:

This is the second appearance of this salvage claim in this court. Upon remand of the prior appeal, 498 F.2d 666 (5th Cir. 1974), the district court determined *inter alia* that the United States was not the owner of the property upon which the plaintiffs' salvage claims were based. In the present appeal we are only asked to review this specific determination and we affirm.

The Federal Republic of Germany (FRG) purchased a sophisticated rocket weapons system and parts which was to be procured from the private munitions manufacturer through the United States. A fire broke out on one of the vessels undertaking to transport the weapons system to Germany at a time when the loading of the materials had been only partially completed. Legnos and Gorman, who were on board the vessel in a supervisory capacity for a stevedore company, successfully aided in bringing the fire under control and saved a substantial amount of the equipment. Suit was filed by these salvors against the United States and FRG, claiming salvage benefits. When service of process could not be made on FRG, the suit proceeded without that defendant. Although the district court determined the value of plaintiffs' salvage efforts, its further determination that the property on board the ship, against which the salvage claim was made, was owned by FRG on the date of the fire resulted in a denial of any recovery against the United States.

Plaintiff principally relies on a technical construction of the term "FOB Vessel" as found in § 2–319 of the Uniform Commercial Code (Fla.Stat.Ann. § 672.2–319) to support its theory that title never passed to the FRG. In this international context, however, the intention of the contracting nations, rather than definitional niceties, must be given controlling weight. Under the unique facts and circumstances of this case, the district court was both legally and factually correct in finding that (a) the sovereigns involved were not dealing in ordinary commerce, (b) both nations consistently acted as if title passed to FRG well before the salvage effort, (c) FRG had assumed the risk for the damaged property, at least by the time it was loaded on the vessel.

AFFIRMED.